*Bergnes v. Zayas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# CORRECTED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-five.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges,*
> LAWRENCE J. VILARDO,
> *District Judge.\**

─────────────────────

LINDA BERGNES, MANUEL CARVAJAL, ROBERTO ISAZA, GUADALUPE ORNELAS, HECTOR TOMASI, TERESA VENDITTO, GUADALUPE ALVAREZ, CARLOS COLLAZO, MARISOL CORNIELLE, RAFAEL FORTICH, LAURA GONZALEZ, KIMBERLY HERNANDEZ, HOE YEN LEE, ARNOLD S. LEMUS, RONALD E. LOPEZ, JULIO LUCERO, LUIS R. LUGO, EDWARD C. LUK, WANDA NEGRON, DAVID B. OLSON, OSCAR ORE, SANDY RAND, JULIO ROSA, ALEKSANDRA SAGAN, GLENYS SALDANA, YANET SANTIAGO, MICHAEL SOFRONAS, CYNTHIA VIAU, JOSE ORIZ ESCOBAR, ON BEHALF OF THEMSELVES AND CLASSES SIMILARLY SITUATED, NEW YORK COMMUNITIES FOR CHANGE, ON BEHALF OF SPANISH AND OTHER FOREIGN LANGUAGE SPEAKING COURT USERS AND POTENTIAL COURT USERS,

─────────────────────

\* Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

*Plaintiffs-Appellants*,

v.                                                    24-2434

JOSEPH A. ZAYAS, CAROLYN GRIMALDI,

*Defendants-Appellees†*

---

FOR PLAINTIFFS-APPELLANTS:        ARTHUR ZACHARY SCHWARTZ, Advocates for Justice, Chartered Attorneys, New York, NY.

FOR DEFENDANTS-APPELLEES:        DANIEL S. MAGY, Matthew William Grieco, Barbara D. Underwood, *for* Letitia James, Attorney General for the State of New York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs New York Communities for Change ("NYCC") and twenty-nine court interpreters ("Individual Plaintiffs") employed by the New York State Unified Court System sued Defendants Joseph A. Zayas, Chief Administrative Judge of the New York State Unified Court System, and Carolyn Grimaldi, Director of the Department of Human Resources for the Office of Court Administration. They brought claims under 42 U.S.C. § 1983, alleging that Defendants' pay practices violate the Equal Protection Clause of the Fourteenth Amendment because court interpreters are paid less than other court employees based on national origin. The district court dismissed Plaintiffs' second amended complaint for lack of standing as to NYCC and failure to

---

† The Clerk of Court is respectfully directed to amend the caption accordingly.

2

state a claim as to the Individual Plaintiffs. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I. Standing of Plaintiff NYCC

At oral argument, counsel for Plaintiffs conceded that the district court correctly dismissed NYCC for lack of subject-matter jurisdiction because "[i]t is the law of this Circuit that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983." *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011); *see also Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 447 (holding that an organization lacked standing to pursue a preliminary injunction because it "brought this case under 42 U.S.C. § 1983"). Therefore, we do not address the standing issue raised in Plaintiffs' brief.

## II. The Individual Plaintiffs' Equal Protection Claim

"We review *de novo* the decision to dismiss causes of action for failure to state a claim for relief." *In re 305 E. 61st St. Grp. LLC*, 130 F.4th 272, 278 (2d Cir. 2025) (internal quotation marks omitted). "In doing so, we accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." *Id.* (cleaned up).

The Equal Protection Clause prohibits government actors from intentionally discriminating against individuals based on national origin. *See Hayden v. Cnty. of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999). "To state a discrimination claim under the Fourteenth Amendment Equal Protection Clause . . . , plaintiffs must sufficiently allege that defendants acted with discriminatory intent." *Burgis v. New York City Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015). At the motion-to-dismiss stage of an employment discrimination action under § 1983, a plaintiff must allege facts that provide at least "minimal support for the proposition that the employer was motivated by

3

discriminatory intent." *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (internal quotation marks omitted).

The district court did not err in dismissing the Individual Plaintiffs' claims for national origin discrimination. Plaintiffs contend that they sufficiently alleged that Defendants acted with discriminatory intent in two ways. First, they presented "statistical evidence" showing that court interpreters are "more highly qualified" but receive less pay than court reporters who are "majority white, English speaking employees." Appellants' Br. at 58. Second, they present "anecdotal allegations of hostility" faced by court reporters. *Id.*

Both arguments fail. First, "to show discriminatory intent in a[n] . . . Equal Protection case based on statistics alone, the statistics must not only be statistically significant in the mathematical sense, but they must also be of a level that makes other plausible non-discriminatory explanations very unlikely." *Burgis*, 798 F.3d at 69. Plaintiffs, however, provide "no concrete statistics about courtroom personnel broken down by national origin, ethnicity, race, ancestry, or otherwise." Joint App'x at 238. Instead, they allege only that the "majority" of court interpreters are "persons of a non-Anglo national origin" while court reporters are "mainly people who are not foreign-born." *Id.* at 86-112. That vague and conclusory allegation is insufficient to state an Equal Protection claim. *See Burgis*, 798 F.3d at 70 (holding that plaintiffs' statistics were insufficient even when they "show[ed] . . . the raw percentages of White, Black, and Hispanic individuals at each employment level"). As the district court correctly concluded, Plaintiffs fail

4

to state a plausible claim by "providing no statistics about court interpreters or any comparator group—either in percentages or numbers." Joint App'x at 238.[1]

Second, Plaintiffs' anecdotal allegations are insufficient to state a claim. Plaintiffs sue Defendants in their official capacity, so they are required to show that a state "policy or custom must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation marks omitted). But they fail to connect their anecdotes to any policy or custom concerning how Defendants pay court interpreters. Furthermore, Plaintiffs' alleged examples of mistreatment do not include allegations "that Defendants Zayas or Grimaldi played any role in Plaintiffs' mistreatment, and Plaintiffs do not otherwise assert that Defendants directed or had knowledge of the alleged systemic discrimination." Joint App'x at 239. Simply "[a]malgamating . . . discrete incidents of misconduct by [agency] officials does not make for a sustainable lawsuit." *Webb v. Goord*, 340 F.3d 105, 109 (2d Cir. 2003). The district court thus properly dismissed the Individual Plaintiffs' claims.

\* \* \*

---

[1] Even if Plaintiffs had presented more thorough statistics, they do not plausibly allege that court interpreters and court reporters are similarly situated. *See Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("The Equal Protection Clause requires that the government treat all *similarly situated* people alike." (emphasis added)). The two categories of employees do not "share work duties, educational requirements, or working conditions." Joint App'x at 237. In fact, as the district court highlighted, "the complaint acknowledges that the court reporter position requires applicants to pass a separate civil service exam, as well as more formal training, including at least two years of court reporting experience." *Id.* (internal citations omitted).

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court